**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARL KLEIN and APRIL RAGLAND, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action File No. |
| vs. | ) | 1:17-cv-06194 |
| | ) | |
| CREDIT CORP SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 37(d)(1)(A)(i)**

Now comes Defendant Credit Corp Solutions, Inc. ("CCS"), by counsel, and moves for sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i) against Plaintiffs, CARL KLEIN and APRIL RAGLAND, and in support of which states as follows

## I.    STANDARD OF LAW

Rule 37(d) authorizes a district court to sanction a party for failing to appear for a properly noticed deposition or failing to answer questions during a properly noticed deposition. *Prude v. Clarke*, 2016 U.S. Dist. LEXIS 19131, 2016 WL 633366, * 6 (E.D. Wis. Feb. 17, 2016). "Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit. With those factors in mind, a court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015)(internal citations omitted).

## II.    BACKGROUND

On January 8, 2018 this Court entered a scheduling order setting all non-expert discovery to close by June 8, 2018. *See*, Docket Entry ("D.E.") 19. On June 8th Plaintiff moved for an extension of discovery, which was granted. D.E. 26-27. Then, on July 24th at Plaintiff's request, the discovery cut-off was extended to August 27, 2018. D.E. 28. Plaintiff again moved the Court for an extension on August 23, 2018, which was granted and extended until September 10, 2018. D.E. 31.

Throughout Plaintiff's receipt for continuances, Defendant attempted to procure Plaintiffs depositions. On July 26, 2018, Defense Counsel inquired as to Plaintiffs' availability for depositions. On August 2, 2018, Plaintiffs' Counsel and Defense Counsel held a call during which Defense Counsel again requested available deposition dates. Defense Counsel followed up via email to Plaintiff's Counsel on August 15, 2018 attempting to schedule Plaintiffs' depositions. Plaintiffs' Counsel did not respond until August 23, 2018, agreeing to make Plaintiffs available on September 4th or 5th for their depositions. *See*, Email from Chatman to Strickler, Exhibit A.

The next day, on August 29th, via regular mail and email, Defendant sent notices of deposition scheduling Plaintiffs' depositions for September 5th, 2018. *See*, Group Exhibit B, Email and Notices of Depositions. Defendant's counsel followed up on September 4th, 2018 to confirm Plaintiff's appearance pursuant to the served notices. *See*, Group Exhibit C. Email from Strickler to Chatman. Plaintiff's counsel responded later that day stating that her clients were no longer available to be deposed on the 5th. *Id.* When questioned as to why, counsel refused to provide a reason only stating that she would file a motion for a protective order. *Id.* Counsel for Defendant clarified that she was not refusing to reschedule but merely wanted an explanation in light of the late notice and approaching discovery deadline. *Id.* Nonetheless, she re-noticed the depositions for September 7th to accommodate Plaintiffs. *Id.* On September 6th, counsel for Defendant received another email from Plaintiff's counsel explaining that Plaintiff Klein could no longer be deposed

on the 7th due to a "family emergency." *Id.* Defense counsel responded that she would move forward with Plaintiff Ragland's deposition nonetheless on the 7th. *Id.*

On the 7th, unsurprisingly at this point, Defense Counsel received a call from Plaintiffs' Counsel asking to delay the deposition an additional hour, to which Defense Counsel agreed. Shortly thereafter, Counsel for Defendant and Plaintiffs spoke, and Plaintiff's Counsel informed Defendant that Plaintiff Ragland would not appear due to transportation issues. Counsel for Defendant inquired as to whether Ragland could appear on today, September 10th, but was informed that there was no guarantee. This motion followed despite Counsels' good-faith conference in an effort to resolve the dispute.

## III.    LEGAL ANALYSIS

### I.    Litigants Are Not Permitted to Ignore Deposition Notices.

"A lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed. R. Civ. P. 30(b)(1), which is a step only the court is empowered to take." *Richardson v. BNSF Ry. Co.,* No. 13-5415, 2014 U.S. Dist. LEXIS 147985, at *3 (E.D. La. Oct. 16, 2014). The proper course of action for those unable to appear as noticed is to file a motion to quash the notice or for a protective order under Rule 26(c) or a motion for a discovery sequencing order under Rule 26d(2), "not simply to defy the notice and fail to appear." *Id.* Here, Defendant properly noticed Plaintiffs' depositions on a date that was agreed to by their counsel. Said notices were served via email and regular mail. Neither Plaintiff moved for a court order excusing their attendance at the scheduled depositions. Instead, they merely failed to appear despite multiple attempts by Defense counsel to accommodate Plaintiffs. Plaintiffs cannot be said to be proper class representatives when they cannot even be bothered to attend their own depositions. Accordingly,

- 4 -

Defendant respectfully requests that Plaintiffs' action be dismissed, with prejudice, and that Defendants be granted leave to petition the Court for the fees and expenses incurred in this matter.

WHEREFORE, CCS respectfully requests this Honorable Court find that Plaintiffs dismiss Plaintiffs' entire Complaint with prejudice, and award CCS its reasonable fees and expenses incurred throughout this lawsuit, and for any additional relief deemed just and proper.

Respectfully submitted this 10th day of September 2018

By: /s/ Nicole M. Strickler
Nicole M. Strickler
Stephanie A. Strickler
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, Illinois 60606
312-334-3469
312-334-3473 (fax)
IL # 6298459
nstrickler@messerstrickler.com

- 5 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of September 2018, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

<u>/s/ Nicole M. Strickler</u>
Nicole M. Strickler
Stephanie A. Strickler
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, Illinois 60606
312-334-3469
312-334-3473 (fax)
IL # 6298459
nstrickler@messerstrickler.com
